SPILL *v.* CELLULOID MANUF'G Co.*

(*Circuit Court, S. D. New York.* January 25, 1882.)

1. LETTERS PATENT No. 97,454—CONSTRUCTION OF.

Letters patent No. 97,454 contains no suggestion that camphor itself, or a solution of camphor in any thing which would dissolve it, is a solvent of xyloidine. Said patent is neither infringed by the use of wood alcohol in conjunction with camphor, if said wood alcohol is the same thing as wood naphtha, as such use is described in Parke's patent, No. 1,313, nor if it be a new article, discovered since the date of the invention described in said patent 97,454. The claim of said patent is expressly limited to that alcohol which is spirits of wine, and does not cover methyl alcohol.

In Equity. Motion for injunction.

*H. M. Ruggles,* for plaintiff.

*W. D. Shipman* and *H. Baldwin, Jr.,* for defendant.

BLATCHFORD, C. J. There is no suggestion in the specification of No. 97,454 that the plaintiff discovered that camphor itself, or a

*Reported by S. Nelson White, Esq., of the New York bar.

solution of camphor in any thing which would dissolve it, would be a solvent of xyloidine. Of the eight mixtures mentioned as solvents of xyloidine, camphor is in only five. The discovery is that the mixtures named are the solvents. If the wood alcohol used by the defendant is of itself a solvent of xyloidine, and is the same thing known as a solvent of it, under the name of wood naphtha, at the date of Parke's patent No. 1,313, the defendant may use it in conjunction with camphor, because such use is made known in No. 1,313. If such wood alcohol is a new article, discovered since the plaintiff's invention, it may be used by the defendant, because the patent covers only the use of alcohol or spirits of wine with camphor; and such new article is not alcohol or spirits of wine, and is not within the claim. The claim does not cover anything which may be discovered subsequently to effect, in conjunction with camphor, as good a result in dissolving xyloidine as the use of alcohol or spirits of wine in conjunction with camphor. And even though the defendant's wood alcohol be methyl alcohol, and an article known by that name before the plaintiff's invention, it cannot be held that the plaintiff discovered the usefulness of it in conjunction with camphor to dissolve xyloidine, because his patent is expressly limited to that alcohol which is spirits of wine, and that is not methyl alcohol.

The motion is denied, with costs.